IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
COURT FILE NO.: _____

| | |
|---|---|
| **CYNTHIA MICHELLE AYERS**, <br><br> **Plaintiff** <br><br> **v.** <br><br> **PROFESSIONAL RECOVERY SERVICES, INC., JOHN DOE and ROBERT DOE,** <br><br> **Defendants** | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), North Carolina law and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4.  This case is brought within one year of the FDCPA violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5.  Plaintiff Cynthia Michelle Ayers (Ayers) is a natural person who resides in the City of Denver, Lincoln County, North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 1692k.

6.    Plaintiff Ayers is also a "consumer" as defined by North Carolina's Debt Collection Act titled the Prohibited Acts By Debt Collectors (hereinafter, "NCDCA") at N.C. Gen. Stat. § 75-50(1).

7.    Plaintiff Ayers is also "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2).

8.    Defendant Professional Recovery Services, Inc. (hereinafter "Defendant PRS") is a collection agency operating from an address of Two Echelon Plaza 221 Laurel Rd Suite# 160, Voorhees NJ 08043, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Defendant PRS is a "debt collector" as defined by the NCDCA at N.C. Gen. Stat. § 75-50(3).

10.   Defendant PRS is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90. Defendant PRS is engaged in the collection of debts from North Carolina consumers using the mail, telephone, email and/or North Carolina state court system among other means.

11.   At all times relevant to the subject matter of this Complaint, Defendant PRS was engaged in commerce in North Carolina.

12.   Defendant PRS regularly attempts to collect consumer debts alleged to be due to another Defendant John Doe (hereinafter "Defendant John Doe") is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known.

13. Defendant John Doe is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "debt collector" as that term is defined by the NCDCA at N.C. Gen. Stat. § 75-50(3), but whose true name is not yet known.

14. Defendant John Doe is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "collection agency" as that term is defined by the North Carolina's Prohibited Practices by Collection Agencies at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90 , but whose true name is not yet known.

15. Defendant Robert Doe (hereinafter "Defendant Robert Doe") is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known.

16. Defendant Robert Doe is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "debt collector" as that term is defined by the NCDCA at N.C. Gen. Stat. § 75-50(3), but whose true name is not yet known.

17. Defendant Robert Doe is a natural person who was employed at all times relevant herein by Defendant PRS as a collection agent and is a "collection agency" as that term is defined by the North Carolina's Prohibited Practices by Collection Agencies at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90 , but whose true name is not yet known.

## FACTUAL ALLEGATIONS

18. On or before the year 2000, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Direct Merchant's Bank that was thereafter consigned, placed or otherwise transferred to HSBC, in the approximate

amount of $7,000.00, which was used by Plaintiff for personal, family and household purchases.

19.    With respect to Defendant PRS, the alleged debt in this matter is also a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3) and the NCDCA at N.C. Gen. Stat. § 75-50(2).

20.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

21.    On or about May of 2009 Plaintiff began receiving telephone calls from Defendant PRS on her cellular phone and at her place of employment.

22.    On or about July 15, 2009 after receiving many calls from Defendant PRS, Plaintiff called Defendant PRS and spoke with a representative of whom she requested an offer in writing of the discounted payoff and this request was ignored.

23.    On or about July 15, 2009 Plaintiff spoke with a representative of Defendant PRS and requested that they not call her at work as it was not allowed and this request was ignored.

24.    On or about July 30, 2009, Defendant PRS's collector, Defendant John Doe was contacted by Plaintiff by telephone on her cellular telephone in an effort to discuss this debt.

25.    During this call, Defendant John Doe was informed by Plaintiff that this was the only time she could talk and that this was the only number that she could accept calls on as the other calls she received at work were not allowed by her employer.

26.    Defendant John Doe pressed Plaintiff for personal financial details which she eventually gave to him to access her account. Defendant John Doe tried to coerce Plaintiff into

borrowing money from her family members, her retirement plan and to skip a mortgage payment to make a payment on this debt.

27.    Plaintiff asked that Defendant John Doe send his settlement proposal to her in writing and apologized for not being able to pay; the request for a written statement or proposal went unanswered.

28.    Defendant John Doe and other agents and/or representatives of Defendant PRS continued to call Plaintiff repeatedly thereafter at work and on her cellular phone often disconnecting the call if answered and not leaving a message or voicemail.

29.    On or about March 16, 2010 Plaintiff again called Defendant PRS as the calls to her place of employment had continued since July 2009. She spoke with a representative, Robert Doe and requested that he provide her with a copy of the bill, a statement with the account information and/or something in writing reflecting the alleged balance owed.

30.    Defendant Robert Doe refused to provide any documentation of the alleged debt telling Plaintiff it was mailed to her and he can't help she threw it away.

31.    Plaintiff further explained to Defendant Robert Doe that she never received information from them regarding this alleged debt and Defendant Robert Doe again adamantly refused to provide this information to her and demanded that she make payment.

32.    At this point in the conversation Plaintiff advised Defendant Robert Doe that if the requested information was not provided then she would seek legal counsel to which the representative replied "oh, so you aren't going to pay. Are you filing bankruptcy?" He then hung up.

## SUMMARY

33.    All of the above-described collection communications made to Plaintiff by Defendant PRS, Defendant John Doe, Defendant Robert Doe and other collection employees employed by

Defendant PRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10), 1692f, 1692g *et seq.* and 1692c(a)(2) and (3), amongst others.

34.     During their collection communications, Defendants and these individual debt collectors employed by Defendant PRS repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

35.     This series of abusive collection calls by Defendant PRS and its employees pushed Plaintiff to consider and eventually file bankruptcy as a way out of these abusive calls.

36.     This series of abusive collection calls by Defendant PRS and its employees caused Plaintiff to fear for her job as she was not allowed to participate in this type of call at work.

37.     This series of abusive collection calls by Defendant PRS and its employees caused Plaintiff to at times cry and made her physically ill because of the emotionally abusive manner in which this debt was collected by these Defendants.

38.     This series of abusive collection calls by Defendant PRS and its employees caused Plaintiff to become so stressed that she became physically ill as a result and she lost sleep, lived in constant fear of additional calls and her ability to perform her job effectively was inhibited in that she was concerned about who may be calling.

39.     Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal and professional strain in her relationships with family members and coworkers.

40.    Plaintiff has suffered actual damages as a result of these illegal collection communications

by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset,

humiliation, embarrassment, and other negative emotions.

## RESPONDEAT SUPERIOR LIABILITY

41.    The acts and omissions of Defendants John Doe and Robert Doe, and the other debt

collectors employed as agents by Defendant PRS who communicated with Plaintiff as more

further described herein, were committed within the time and space limits of their agency

relationship with their principal, Defendant PRS.

42.    The acts and omissions by Defendants John Doe and Robert Doe and these other debt

collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant PRS in collecting consumer debts.

43.    By committing these acts and omissions against Plaintiff, Defendants John Doe and Robert

Doe and these other debt collectors were motivated to benefit their principal, Defendant

PRS.

44.    Defendant PRS is therefore liable to Plaintiff through the Doctrine of Respondeat

Superior for the intentional and negligent acts, errors, and omissions done in violation of

state and federal law by its collection employees, including but not limited to violations

of the FDCPA and North Carolina law, in their attempts to collect this debt from

Plaintiff.

## TRIAL BY JURY

45.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so

triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. § 1692 et seq.

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
        though fully stated herein.

47.     The foregoing acts and omissions of each and every Defendant and their agents constitute
        numerous and multiple violations of the FDCPA including, but not limited to, each and
        every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with
        respect to this Plaintiff.

48.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to
        actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up
        to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and
        costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

### Violations of the North Carolina Prohibited Practices by Collection Agencies

### N.C. Gen. Stat. §58-70-90, *et. seq.*

49.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference
        as if set forth fully herein.

50.     Defendants in repeatedly demanding that Plaintiff borrow money from her family,
        retirement plan or to not pay her mortgage in order to pay them have committed acts that

are an unfair coercion or attempt to coerce in attempting to collect a debt in violation of N.C. Gen. Stat. § 58-70-95.

51.   Defendants conduct in using abusive language in conversations with Plaintiff, in not fully identifying themselves and the company they represent, in causing Plaintiff's telephone to ring or engaging her in conversation with unreasonable frequency, and in placing calls to her work or attempting to communicate with her at her place of employment is conduct the natural consequence of which is to oppress, harass or abuse a person in connection with an attempt to collect a debt and violates N.C. Gen. Stat. § 58-70-100, (1), (2), (3), and (4).

52.   Defendants, in communicating with the Plaintiff by telephone without disclosing that the communications were from a debt collector and that any information obtained would be used for that purpose, have attempted to collect a debt by fraudulent, deceptive or misleading representations, in violation of N.C. Gen. Stat. § 58-70-110.

53.   As a result of Defendants' violations of the North Carolina Prohibited Practices by Collection Agencies Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

54.   The above violations of the North Carolina Prohibited Practices by Collection Agencies Act constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. 75-1.1 and entitle the Plaintiff to punitive damages in addition to any other damages suffered.

**COUNT III.**

**Violations of the North Carolina Prohibited Acts by Debt Collectors Statute**

**N.C. Gen. Stat. §75-50,** *et. seq.*

55.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

56.    Defendants in continuing to call the Plaintiff at her place of employment after being told not to, and with unreasonable frequency have engaged in conduct the natural consequence of which is to oppress, harass or abuse her in attempting to collect a debt in violation of N.C. Gen. Stat. § 75-52(4) and (3).

57.    Defendants, in refusing to verify or validate the debt or provide any documentation of the debt to Plaintiff upon multiple requests have falsely representing the character, extent or amount of the debt in violation of N.C. Gen. Stat. § 75-54(4).

58.    Defendants in failing to disclose in all communications with Plaintiff that they are attempting to collect a debt, have attempted to collect a debt from a consumer by means of coercion, in knowing, willful, and malicious violation of N.C. Gen. Stat. § 75-54.

59.    As a result of Defendants' violations of these and other sections of the North Carolina Prohibited Acts by Debt Collectors Statute, the Plaintiff is entitled to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §75-56(b); and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

**COUNT IV.**

**Intentional Infliction of Emotional Distress**

60.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference

as if set forth fully herein.

61.     Defendants, in using abusive and predatory tactics and communications have willfully caused severe emotional distress to the Plaintiff in violation of North Carolina common law.

62.     As a result of Defendants' Intentional Infliction of Emotional Distress, the Plaintiff is entitled to actual damages, compensatory damages and punitive damages as determined by a jury.

## COUNT V.

### Negligent Infliction of Emotional Distress

63.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

64.     Defendants, in using abusive and predatory tactics and communications have negligently caused severe emotional distress to the Plaintiff in violation of North Carolina common law.

65.     As a result of Defendants' Negligent Infliction of Emotional Distress, the Plaintiff is entitled to actual damages, compensatory damages and punitive damages as determined by a jury.

## COUNT VI.

### Invasion of Privacy

66.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

67.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

findings:

>**Abusive debt collection practices contribute** to the number of personal
>
>bankruptcies, to marital instability, to the loss of jobs, and **to invasions of**
>
>**individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

68.     Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

broad range of "financial institutions" including debt collectors, albeit without a private

right of action, when it stated as part of its purposes:

>It is the policy of the Congress that **each financial institution has an**
>
>**affirmative and continuing obligation to respect the privacy of its**
>
>**customers** and to protect the security and confidentiality of those
>
>customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

69.     Defendants and/or their agents intentionally and/or negligently interfered, physically or

otherwise, with the solitude, seclusion and/or private concerns or affairs of this Plaintiff,

namely by repeatedly and unlawfully attempting to collect a debt, and thereby invaded

her privacy.

70.     Defendants and their agents intentionally and/or negligently caused emotional harm to

this Plaintiff by engaging in highly offensive conduct in the course of collecting this debt,

thereby invading and intruding upon Plaintiffs' right to privacy.

71.      Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private

concerns or affairs, and private financial information.

72.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

73.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court to:

1.    Award her on her First Cause of Action actual damages in an amount to be determined at trial and statutory damages of $1,000.00 pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;

2.    Award her on her Second Cause of Action actual damages in an amount to be determined at trial, $4000 in statutory damages per violation, and punitive damages pursuant to the violations of N.C. Gen. Stat. § 58-70-90, et. seq. alleged therein;

3.    Award her on her Third Cause of Action actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 75-50, et. seq. alleged therein;

4.    Award her on her Fourth Cause of Action damages in an amount to be determined at trial for Intentional Infliction of Emotional Distress;

5.    Award her on her Fifth Cause of Action damages in an amount to be determined at trial for Negligent Infliction of Emotional Distress;

6. Award her on her Fifth Cause of Action damages in an amount to be determined at trial for Invasion of Privacy;

7. Award her Punitive damages if by law allowed.

8. Award her costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1692k(a)(3) from each and every Defendant jointly and severally;

9. Award her the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally;

10. Grant trial before a jury on all issues so triable; and

11. Grant such other and further relief as the Court deems just and proper.

TODAY is June 30, 2010.

Respectfully submitted,

By:     /s/ M. Shane Perry                              /s/ Travis E. Collum
        NC Bar No. 35498                                NC Bar No. 29158
        Attorney for Plaintiffs                         Attorney for Plaintiffs
        Shane Perry, PLLC                               Travis E. Collum, Attorney at Law, P.A.
        174 N. Main St.                                 Post Office Box 1739
        Mooresville, NC 28115                           Mooresville, NC 28115
        Telephone: 704-799-2159                         Telephone: 704-663-4187
        Facsimile: 704-799-2126                         Facsimile:  704-663-4178
        shane@shaneperry.com                            travis@collumlaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA    )
                                 )

COUNTY OF LINCOLN          )

Plaintiff Cynthia Ayers, having first been duly sworn and upon oath, deposes and says as follows:

1. She is the Plaintiff in this civil proceeding.
2. She has read the above-entitled civil Complaint prepared by my attorneys and believes that all of the facts contained in it are true, to the best of her knowledge, information and belief formed after reasonable inquiry.
3. She believes that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. She believes that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. She has filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Cynthia Michelle Ayers


Subscribed and sworn to before me
this 22nd day of June, 2010.

_____
Notary Public

OFFICIAL SEAL
Notary Public, North Carolina
County of Mecklenburg
TONYA JONES
My Commission Expires 10/18/2012