IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
C.A. NO. 5:10-cv-00082-RLV-DSC

CYNTHIA MICHELLE AYERS, )
                  )
        Plaintiff, )
                  )
  v. )
                  )
PROFESSIONAL RECOVERY SERVICES,)
INC., et al., )
        Defendant. )
_____ )

**Protective Order Governing Assertions of Confidentiality and Trade Secret Status**

1.      Designation of Confidentiality.

A party responding to requests for production, interrogatories, or requests for admission may, acting in good faith, designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**."

2.      Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on, and rejects, the designation pursuant to a motion by party challenging the designation, 2) the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials cease to be subject to the protections of this Order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is designated as confidential may not be used outside this case and

may only be used in this litigation.  This information may only be disclosed to

  a. Other attorneys and parties appearing in this case who have agreed to be bound by this order.
  b. Staff and office personnel employed by the attorneys and parties who have appeared in this case.
  c. Lay and Expert witnesses disclosed by the parties who have agreed to be bound by this order.
  d. Deponents.
  e. The Court and its personnel under seal, subject to the provisions of this order.
  f. Court reporters engaged to transcribe the proceedings or discovery in this case.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this Order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel for the parties to this matter may be provided with any material designated as **"CONFIDENTIAL"** unless that person is designated above and has executed that acknowledgment.

3. <u>Objections to the Designation of Confidentiality</u>.

Any party receiving information designated as confidential may object to that designation at any time.  A party who objects to the designation shall serve objections to the designation and request in writing a conference to resolve the conflict.  The party challenging the designation is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party designating the information as confidential shall move to have that information deemed confidential.

4. <u>Use of Confidential Materials in Dispositive Motions and At Trial</u>

No *information designated as confidential* shall be submitted to or filed with the Court in connection with any motion or at trial unless the party seeking to submit or file the information moves to seal the Court's record and proceedings and continue the protections of this Order.  Such information shall remain under seal until such time as the Court orders otherwise.

If a motion to seal the record and proceedings is filed, the party seeking to use the

information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this Order.

**SO ORDERED.**  Signed: January 31, 2011

David S. Cayer
United States Magistrate Judge

Stipulated To By:

/s/ Caren D. Enloe
Caren D. Enloe
of SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
4601 Six Forks Road, Suite 400
Post Office Drawer 26268
Raleigh, NC 27610
(919)250-2125
Facsimile: (919)250-2100
cenloe@smithdebnamlaw.com
chsarkey@smithdebnamlaw.com.
*Attorney for Defendant Professional Recovery Services, Inc.*

/s/Travis E. Collum
Micheal Shane Perry
Shane Perry, PLLC
174 N. Main St.
Mooresville, NC 28115
704-799-2159
Email: shane@shaneperry.com

Travis E Collum
Travis E. Collum, Attorney at Law, P.A.
Post Office Box 1739
109 W. Statesville Ave
Mooresville, NC 28115
704-663-4187
Fax: 704-663-4178
Email: travis@collumlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CYNTHIA MICHELLE AYERS, | ) | CASE NO.: 5:10-cv-00082 |
| | ) | |
| Plaintiff, | ) | Judge Richard Voorhees |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL RECOVERY SERVICES, | ) | |
| INC., et al., | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Acknowledgment of Receipt of Protective Order**

**Governing Assertions of Confidentiality and Trade Secret Status**

    I acknowledge that I have read and that I understand the **Protective Order Governing Assertions of Confidentiality and Trade Secret Status** entered in this action and agree to abide by its terms and conditions. As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for Western District of North Carolina in connection with any alleged breach by me of the **Protective Order Governing Assertions of Confidentiality and Trade Secret Status**. I also understand that any violation of the Protective Order by me or anyone under my control may subject me to penalties for contempt of court.

_____